IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 3:12-cv-4639-N-BN |
| | § | |
| JOANA ACHIAMPONG, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Plaintiff Bank of New York brought this forcible detainer action against Defendants Joana Achiampong and all other occupants of the real property located at 5336 Maverick Drive in Grand Prairie, Texas ("Maverick Drive Property"). Plaintiff originally filed suit in Texas state court. On November 15, 2012, Tederal Jefferson, proceeding *pro se*, removed the case to federal court on grounds of diversity jurisdiction. *See* Notice of Removal [Dkt. No. 3]. After reviewing the removal notice, the Court *sua sponte* questioned whether removal is proper. *See* Order, 11/16/12 [Dkt. No. 5]. In particular, the notice of removal stated only:

> This court has jurisdiction over this matter as it involves a *question* of diversity, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Thus the requirements under 28 USC § 1332(a)(1) are satisfied....

Notice of Removal at 3. The Court observed that the removal notice failed to allege facts to establish that diversity jurisdiction is proper. The Court also observed that the removal notice was signed only by Tederal Jefferson, who is not a member of the state bar. *See* Order, 11/16/12 at 1 & n.1. Joana Achiampong, the only defendant named in the state action, had not signed the removal notice. The Court granted Defendants until December 3 to file an amended removal notice that corrected these deficiencies. *Id.* at 2.

On December 4, Mr. Jefferson filed an amended Notice of Removal [Dkt. No. 7], which alleges the matter in controversy is between citizens of different states because "Tederal Jefferson citizen in the state of Texas, Joana Achiampong citizen in the State of Texas and Business entity Bank Of New York Mellon located in New York, NY." However, no facts are alleged to establish that the matter in controversy exceeds the sum or value of $75,000. Nor did Defendant Joana Achiampong sign the amended Notice of Removal. Because Mr. Jefferson is representing himself, the Court granted him "one last opportunity" to establish that federal jurisdiction is proper over this removed case. *See* Order, 12/10/12 [Dkt. No. 8]. The Court specifically instructed Mr. Jefferson that the amount in controversy in a forcible detainer action is the value of the right to occupy or possess the property at issue and ordered him to file evidence to establish that the value of the right to possess the Maverick Drive Property exceeds

$75,000. *See id.* at 2-3.

On December 14, Mr. Jefferson responded by filing a document stating that he "would like to withdraw the case of No.# 3:12-CV-4639-N-BN." Dkt. No. 9. The Court now determines that it lacks subject matter jurisdiction and that remand is required.

## Legal Standards and Analysis

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte.*" ). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b).

If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See,*

*e.g.*, *Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases).

Here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the Maverick Drive Property or that it exceeds $75,000. Accordingly, the Court determines that Defendants have failed to satisfy their burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

## Recommendation

For the reasons stated herein, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court should remand the action to County Court at Law No. 4, Dallas County, Texas, from which it was removed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

*See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 19, 2012

                                        _____
                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE